# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN OSSIM and KRISTEN OSSIM, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00254-TWP-DKL |
| ) | |
| ANULEX TECHNOLOGIES, INC., ) | |
| ABC INC., and JOHN DOE, M.D., ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON PLAINTIFFS' MOTION TO REMAND, OR IN THE ALTERNATIVE, TO STAY PROCEEDINGS

This matter is before the Court on Plaintiffs', John Ossim and Kristen Ossim ("the Ossims"), Motion to Remand, or in the Alternative, Stay Proceedings Pending Issuance of the Medical Review Panel Opinion (Filing No. 12). The Ossims originally filed this action in state court and it was removed by Defendant Anulex Technologies, Inc. ("Anulex") on the basis of diversity jurisdiction. The action involves the alleged medical malpractice of the anonymous hospital ABC Inc. and John Doe, M.D., as well as product liability against Anulex. For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

The Ossims' claims arise out of a surgery performed by the anonymous doctor at the anonymous hospital. The surgery involved the use of Anulex's product, the Xclose Tissue Repair System. Indiana's Medical Malpractice Act, I.C. § 34-18-8-4, provides that a court action cannot be filed against qualified medical care providers in their own names until a Medical Review Panel issues an opinion in accordance with the Indiana Medical Malpractice Act ("the Act"). However, the Act permits filing a lawsuit under the condition that the plaintiff's

"complaint filed in court may not contain any information that would allow a third party to identify the [healthcare] defendant." Ind. Code § 34-18-8-7. Thus, simultaneously to filing the action before the Medical Review Panel, the Ossims filed their lawsuit in state court. Thereafter, Anulex filed a notice of removal (Filing No. 1). The identities of the anonymous doctor and hospital are known to the Ossims, Anulex, and the Medical Review Panel, but have not been made known to the Court.

## II. **DISCUSSION**

The removal statute directs that in determining whether an action can be removed on diversity jurisdiction grounds, the citizenship of "defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). This Court has previously found that when "a healthcare provider defendant who was named 'anonymous' in the complaint only because of the Act but whose identity becomes known (and is indeed disclosed in public filings with the court) is not 'fictitious' and its citizenship cannot be disregarded." *Miller v. Anonymous Corp. A.*, No. 1:12-cv-562-TWP-DML, 2012 WL 3236304, at *2 (S.D. Ind. Aug. 7, 2012). In contrast, in *Thornburg v. Stryker Corp.*, No. 1:05-CV-1378-RLY-TAB, 2006 WL 211952, at *2 (S.D. Ind. Jan. 27, 2006), when an anonymous healthcare provider's identity was not known, its citizenship was disregarded because, "[t]o hold otherwise would place [the healthcare defendants'] right to removal in peril because the completion date of the medical panel process is uncertain and removal is constrained by a statute of limitations."

Here, the actual identities of the anonymous hospital and doctor are not known or before the Court, unlike in *Miller* where the anonymous hospital had participated in the action prior to remand. This action is akin to *Thornburg*, therefore the Court will follow that approach. Remand is not appropriate here where the identities are not known on the record and the medical

review panel outcome is uncertain. Therefore, the Court will **DENY** the Ossims' motion to remand.

In the alternative, the Ossims have requested the Court stay the proceedings until 90 days following the date an opinion is issued by the Medical Review Panel, to avoid duplicate discovery and concurrent cases in federal and state court. Relevant to this matter is that Anulex has already filed a Motion to Dismiss, asserting that Ossims' claims against it are preempted by federal law and fail to state a claim under Indiana law (Filing No. 6). The pending motion is potentially dispositive, therefore in this instance, a stay would not ensure the proper administration of justice, and the Court will **DENY** the Ossims' alternative motion to stay.

### III. CONCLUSION

Accordingly, the Motion for Remand, or in the Alternative, Stay Proceedings Pending Issuance of the Medical Review Panel Opinion (Filing No. 12) is **DENIED,** without prejudice. Consistent with the Court's order on March 12, 2014 (Filing No. 10), the Ossims shall have **thirty (30) days** from the date of this Entry to file their response in opposition to Anulex's Motion to Dismiss.

**SO ORDERED.**

Date: 06/24/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

Janelle P. Kilies
LEWIS WAGNER LLP
jkilies@lewiswagner.com

Dina M. Cox
LEWIS & WAGNER
dcox@lewiswagner.com